IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
MEDICAL BROADCASTING              :
COMPANY,                          :        CIVIL ACTION NO. 02-8554
                                    :
                    Plaintiff,      :
                                    :
                                    :
              v.                    :
WILLIAM C. FLAIZ and               :
i-FRONTIER, CORP.,                 :
                                    :
                    Defendants.    :
_____

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF SUMMARY JUDGMENT ON MBC'S COPYRIGHT CLAIMS**

Pursuant to the Court's request during the teleconference of May 28, 2003, defendants

William Flaiz and i-Frontier submit this Reply Memorandum in Support of their Motion for

Summary Judgment on plaintiff MBC's copyright claims.

**I.    INTRODUCTION**

Based upon the teleconference with the Court, this Reply covers two points.

First, Copyright protection extends only to the work actually received by the Copyright

Office.  MBC submitted only an incomplete list of IDI documents to the Copyright Office and

not any of the IDI documents themselves.  This is like trying to copyright the chapters of

*Huckleberry Finn* by filing the table of contents with the Copyright Office.  There is no

procedure for registering works like IDI by filing an index or list.  While there are exceptions for

source code/object code, "secure tests" and special relief, they are inapplicable here.  Because

none of the IDI documents were registered, none were copyrighted and MBC's claim for

infringement (Count IV) fails as a matter of law.

Second, MBC's claims under the Digital Millennium Copyright Act ("DMCA") for removal of copyright management information (Counts V-VI) should also be dismissed because there must be a properly registered copyright to invoke the provisions of the DMCA.

II.   ARGUMENT

A.   **The Actual Text of the IDI Documents Has Not Been Registered with the Copyright Office.**

To properly register a copyright, the applicant must provide the Register of Copyrights with (1) a properly completed application; (2) the application fee; and (3) a *complete* copy of the work to be registered.  17 U.S.C. § 408, 409, and 708.  Registration is not effective until the Copyright Office receives all three.  17 U.S.C. § 410(d).  A copyright action cannot be commenced until the work is properly registered under the Copyright Act.  17 U.S.C. § 411(a).

1.   **MBC Submitted Only An Incomplete List of IDI Documents to the Copyright Office.**

On November 29, 2002, nine days after commencing suit, the Copyright Office received MBC's application for "Idea [sic], Design, Implement."  App. 4.  The Office did not receive a complete copy of the text of IDI, because MBC filed an incomplete list of IDI documents.  *Id.* At best, MBC succeeded in registering only this list.  *See* 17 U.S.C § 408(b); 37 C.F.R. §202.20(b)(1) (applicant must submit "a 'complete' copy representing the *entire copyrightable content* of the work for which registration is sought") (emphasis added).

MBC concedes that it registered only an incomplete list of IDI templates in order to prevent the public disclosure of all IDI templates which would jeopardize MBC's trade secret claim.  *See* Pl. Op. at 21-22.  MBC asserts that "the Copyright Office has made specific allowances for this kind of dual protection."  *Id.* at 22.  As the Court observed, MBC did not cite any authority for this proposition.  The reason for the omission is clear -- there is none.

### 2.      No Exception to the 'Entire Copyrightable Content' Rule Applies.

Under the governing regulations, the Copyright Office is permitted to accept copyright registrations for partial or incomplete copies of a work only for:  (1) computer source code or object code containing trade secrets; (2) secure tests; and (3) successful petitions for "special relief."  *See* 37 C.F.R. § § 202.20(c)(vii)(A)(2), 202.20(c)(2)(vii), 202.20(d).  None of these exceptions applies to IDI.

First, when computer source code and/or object code contains trade secrets, the Copyright Office allows an applicant to mask portions of the copy deposited with the Copyright Office. The regulations require that "an appreciable amount of original computer code must remain visible." 37 C.F.R. 202.20(c)(2)(vii).  This exception does not apply:  IDI is not any kind of computer code nor was an "appreciable amount" of IDI -- *i.e.* the documents themselves -- "visible."

Second, in the case of a secured test, *e.g.*, the LSAT,[1] the entire test must be submitted to the Copyright Office.  The filed copy of the test is returned promptly to the applicant after examination by the Office, "[p]rovided, that sufficient portions, descriptions, or the like are retained so as to constitute a sufficient archival record of the deposit."  37 C.F.R. 202.20(c)(2)(vi).  IDI is not any kind of test nor is the IDI list a sufficient "archival record."

Third, an applicant can petition the Register of Copyrights for "special relief" by writing to the Chief, Examining Division of the Copyright Office, setting forth specific reasons why special relief from the regulations should be granted.  37 C.F.R. §202.20(d).  The Register of Copyrights makes the determination in consultation with the Library of Congress, based on the

---

[1]      Secure tests are "non-marketed tests administered under supervision at specified centers on specific dates, all copies of which are accounted for and either destroyed or returned to restricted locked storage."  37 C.F.R. § 202.20(b)(4).

acquisition policies of the Library of Congress and the archival and examination requirements of the Copyright Office. *Id.* MBC did not apply for, nor receive, "special relief."

Because none of the exceptions apply, MBC was obliged to submit a complete copy of IDI representing the "entire copyrightable content" to the Copyright Office. 37 C.F.R. 202.20(b)(2)(i). MBC elected not to do so. Thus, there is no valid copyright registration for any IDI document. Without a registration, no action for violation of the copyright law can be maintained, 17 U.S.C. § 411(a), and defendants' motion for summary judgment should be granted as a matter of law. *See, e.g., Murray Hill Publications, Inc. v. ABC Comm., Inc.*, 264 F.3d 622, 632 (6th Cir. 2001) (plaintiff who failed to register derivative work was barred from bringing copyright infringement suit); *Geritrex Corp. v. Dermarite Indus.*, 910 F. Supp. 955, 966 (S.D.N.Y. 1996) (copyright claim dismissed for failure to register).

**B. MBC's DMCA Claims Fail Because MBC Did Not Validly Register Any IDI Documents.**

MBC's claims that defendants are liable under the DMCA because Flaiz removed and replaced copyright management from certain IDI documents fail for the same reason the infringement claim fails. Because there is no valid copyright registration for any IDI document, there is no liability for removing copyright management information from any such document. *Thron v. HarperCollins Publishers, Inc.*, Civil Action No. 01 Civ. 5437, 2002 WL 1733640, at *1 (S.D.N.Y. July 26, 2002).

In *Thron*, the plaintiff alleged a copyright registration for a collection of photographs registered as a group. *Id.* Plaintiff asserted that defendants infringed upon his copyright by using two of his photographs in their book. *Id.* Plaintiff also claimed that in posting parts of their book on the internet, defendants violated the DMCA because the uploaded photographs did not contain information relating to his copyright. *Id.* The court first rejected the copyright

infringement claim because, at the time the collection of photographs was registered, group registration was not permitted by regulation.  *Id.*  The court then rejected the DMCA claim, reasoning that because plaintiff's "copyright registration was invalid, the information relating thereto did not constitute 'copyright management information.'" *Id.*

The *Thron* court's conclusion that DMCA claims are predicated upon a valid, underlying copyright registration makes sense:  if MBC cannot recover damages for infringing on an invalid copyright, it cannot recover for the mere removal of invalid copyright management information.  In addition, this reasoning, despite plaintiff counsel's representation to the Court, *is* consistent with Nimmer's discussion of the DMCA.  MELVILLE B. NIMMER, *ET AL.*, NIMMER ON COPYRIGHTS § 7.16(B)(1)(a)(ii).  According to Nimmer, under the DMCA, a copyright in an unpublished work must be registered if "all the authors of the work are nationals, domiciliaries, or habitual residents of the United States."  *Id.*  IDI's authors are all residents of United States.  Thus, MBC's failure to properly register IDI dooms its DMCA claims.[2]

---

[2]    i-Frontier is also entitled to summary judgment on the DMCA claims because it is undisputed that i-Frontier did not know about or intend the removal or alteration of copyright management information.  *Ward v. National Geographic Soc.*, 208 F. Supp. 2d 429, 450 (S.D.N.Y. 2002); *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *rev'd on other grounds*, 280 F.3d 934 (9th Cir. 2002) (granting summary judgment; plaintiff failed to offer evidence that defendant's actions were intentional).

## III.   CONCLUSION

For all of the foregoing reasons, defendants William C. Flaiz and i-Frontier Corp., respectfully request that the Court grant their Motion for Summary Judgment on Counts IV through VI of the Amended Complaint.

Respectfully Submitted,

_____

David E. Landau
Nathan E. Kase
Bryan L. Norton

Attorneys for defendant i-Frontier Corp.

Of Counsel:
WOLF, BLOCK, SCHORR
and SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA  19103
(215) 977-2000

Dated: June 2, 2003